# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WM Recycle America LLC, *et al.* | * | |
| v. | * | Civil Action No. CCB-17-3711 |
| Great Divide Insurance Company, *et al.* | * | |
| | * | |

***

## Memorandum

WM Recycle America, and its fellow plaintiffs,[1] sued the defendants Great Divide Insurance Company, Nautilus Insurance Company, AmWins Program Underwriters, Inc., and Martens-Johnson Insurance Agency in the Circuit Court for Baltimore City for breach of contract and for declaratory judgments as to the scope of its insurance coverage. Certain defendants removed the case to this court, and the plaintiffs filed a motion to remand. For the reasons stated below, the court finds remand appropriate.[2]

## Background

This suit springs from another: In June 2017,[3] an employee of TAC Transport, LLC sued the same plaintiffs represented here for personal injuries suffered while working under the terms of a contract between TAC and WM Recycle America ("WM"). (Compl. ECF No. 2 at ¶¶ 15-18). WM sought refuge from its potential liability under the terms of its agreement with TAC,

---

[1] The other plaintiffs are Wheelabrator Baltimore, L.P., Wheelabrator Baltimore, L.L.C., Waste Management of Maryland, Inc., Waste Management Disposal Services of Maryland, Inc., Waste Management National Services, Inc., and Wheelabrator Technologies, Inc. They are all affiliates of WM Recycle. (Compl. at ¶ 29).

[2] The defendants also have filed a motion for leave to submit a surreply, or in the alternative, a motion to strike the plaintiffs' reply. (ECF No. 53). Under Local Rule 105.2(a) "[t]he filing of a surreply is within the Court's discretion" and "may be permitted when the party seeking to file the surreply would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Courtney-Pope v. Board of Education of Carroll County*, 304 F. Supp. 3d 480, 485 (D. Md. 2018). In its discretion, the court will grant the defendants' motion to file a surreply.

[3] The suit was originally filed in 2014 but was dismissed without prejudice in 2016. (Compl. at ¶ 25).

1

claiming TAC was required to indemnify WM and to provide WM with certain insurance coverage. (*Id.* at ¶¶ 33-36). WM was denied insurance coverage, however, (*id.* at ¶¶ 54-56), and afterward filed suit in state court seeking declaratory judgments regarding the scope of its insurance coverage, and asserting claims for breach of contract. (ECF No. 2). Although not originally parties to the lawsuit, WM joined and served AmWins Program Underwriters, Inc. on November 8, 2017, and Martens-Johnson Insurance Agency on December 8, 2017. Notice of removal to federal court was filed by Great Divide and Nautilus on December 15, 2017. (ECF No. 1).[4] The plaintiffs now move to remand the case to state court. (ECF No. 23).

## Analysis

WM argues that the court should remand this case to state court because, among other things, the defendants have not complied with statutory removal requirements. Although the defendants concede the accuracy of WM's charge, they nevertheless claim that removal was proper because Martens-Johnson and AmWins were fraudulently joined in the suit. Because the defendants failed to meet procedural requirements for removal, and because they misapply the doctrine of fraudulent joinder, the plaintiffs' motion for remand will be granted.

I.

A defendant defending suit in state court may remove its case to federal court by filing "in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant must remove a case "within 30 days after" receiving the plaintiff's pleadings or "within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the

---

[4] Martens-Johnson did file a motion to dismiss after the case was removed. (ECF No. 21). But even if the motion could constitute consent to removal, the motion came more than 30 days after Martens-Johnson was served.
2

defendant, whichever period is shorter." § 1446(b)(1). When a case removed under section 1441(a) includes more than one defendant, "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). And the defendants must do so "independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process." *Costley v. Service Protection Advisors, LLC*, 887 F. Supp. 2d 657, 658 (D. Md. 2012) (citation omitted).[5] If this rule is not observed, if not every defendant consents to removal, the case was improperly removed and this court must order remand. *See Moore v. Svehlak*, 2013 WL 3683838, at *19 (D. Md. July 11, 2013); *see also Sclafani v. Insurance Co. of North America*, 671 F. Supp. 364, 366 (D. Md. 1987) (ordering remand after finding the defendant had not complied with statutory removal requirements).[6]

No doubt, the defendants have not complied with the procedural requirements for removal. AmWin and Martens-Johnson were served on November 8, 2017, and December 8, 2017, respectively, giving them until December 2017 at the earliest, and January 2018, at the latest, to consent to removal. But neither consented to removal, either independently, or by unambiguously joining in their co-defendants' notice of removal. In fact, the only notice of removal filed in this case makes the opposite plain: only "Defendants Great Divide Insurance Company and Nautilus Insurance Company" sought to "remove the above-entitled action . . . to the United States District Court for the District of Maryland." (ECF No. 1). The time to join or consent to removal has come and passed without AmWins and Martens-Johnson doing either. Section 1446(b)(2)(A) has thus been violated.

---

[5] A defendant consents to removal if the notice of removal unambiguously represents "that the other defendants consent to the removal." *Mayo v. Board of Educ. of Prince George's County*, 713 F.3d 735, 742 (4th Cir. 2013).
[6] Unpublished cases are cited for the strength of their reasoning and not for any precedential value.

3

II.

The defendant has no quibble with the court's analysis up until its conclusion. As Great Divide and Nautilus would have it, remand is not appropriate notwithstanding the violation of section 1446(b)(2)(A) because AmWins and Martens-Johnson were fraudulently joined by the plaintiffs.

Fraudulent joinder is a judicially created doctrine that permits a court to retain jurisdiction over a removed case notwithstanding the joinder of a non-diverse party if: "(1) [t]here is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *See Mayes v. Rapoport*, 198 F.3d 457, 461, 464 (4th Cir. 1999) (citation omitted, numeration added, and emphasis in the original).

By its terms, however, the doctrine of fraudulent joinder does not apply to the joinder of defendants who would not affect the court's jurisdiction over the case. That is because the joinder of a diverse defendant does not allow a plaintiff to manufacture the jurisdictional problems the doctrine exists to prevent. *See id.* at 461. Rather, the doctrine applies where an in-state defendant is fraudulently joined to defeat diversity jurisdiction in the federal court. Every single published Fourth Circuit case the court has found applying the doctrine is consistent with this understanding. *See, e.g., Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (noting that under the doctrine of fraudulent joinder "naming *non-diverse defendants* does not defeat diversity jurisdiction") (emphasis added); *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (same); *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1004 n.2 (4th Cir. 2014) (same); *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 578 (4th Cir. 2013); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (same); *Marshall v. Manville Sales*

*Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993) (same); *Martin v. Norfolk & W. Ry. Co.*, 43 F.2d 293, 296 (4th Cir. 1930) (same); *Russell v. Champion Fibre Co.*, 214 F. 963, 965-66 (4th Cir. 1914) (same).

Thus, in addition to showing either that the plaintiffs have no possibility of stating a claim against Martens-Johnson or AmWins, or that the plaintiffs committed fraud, the defendants also must show that the joinder of Martens-Johnson and AmWins would affect the court's jurisdiction. The defendants cannot carry that burden here. That is because AmWins *is a diverse party*, and therefore its addition to the suit cannot have affected the court's jurisdiction. Rather, AmWins's own failure to comply with section 1446(b)(2)(A) created the procedural defect that instigated the plaintiffs' motion for remand. Unable to avail themselves of the doctrine of fraudulent joinder, the defendants cannot cure the defects in the removal of their case, and the court must grant the plaintiffs' motion.[7] The case will be remanded to state court.

## Conclusion

For the reasons stated above, the plaintiffs' motion to remand will be granted. A separate order follows.

7/26/18
Date

*(signature)*
Catherine C. Blake
United States District Judge

---

[7] In the alternative, the plaintiffs argue that the doctrine of fraudulent joinder also does not apply because their claims may succeed against the defendants. Because the defendants' statute of limitations argument, as is true for all of their arguments, is not so clear that there is no possibility the plaintiffs would prevail, the court would grant the plaintiffs' motion for remand even if the doctrine of fraudulent joinder applied to AmWins. *See McGinty v. Player*, 396 F. Supp. 2d 593, 598 (D. Md. 2005) (explaining that "successful fraudulent joinder/statute of limitations arguments occur in cases where the issue is fairly easy to determine, either from the face of the complaint or with resort to limited additional evidence, while courts facing more ambiguous factual situations reject such arguments.")

5